IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-01527-RBJ

JAFET BARTOLO MENDOZA,

       Petitioner,

v.

JUAN BALTAZAR, GEORGE VALDEZ,
TODD M. LYONS, MARKWAYNE MULLIN,
TODD BLANCHE
in their official capacities,

       Respondents.

---

## ORDER

---

Before the Court is the petitioner Jafet Bartolo Mendoza's ("petitioner") Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Petition), ECF No. 1. Among other relief, petitioner seeks an order requiring respondents to "immediately release" him from detention "without any additional conditions or restrains placed on his liberty that were not included when he was previously released," or, in the alternative, ordering a bond hearing before an Immigration Judge ("IJ") within seven days.[1]  ECF No. 1 at 20.

---

[1] The case was initially assigned to Magistrate Judge Starnella, who ordered respondents to show cause within five days of service why the petition should not be granted. ECF No. 4. Pursuant to the All Writs Act, she further directed that respondents shall not remove Mr. Bartolo Mendoza

The issue in this case is whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a).  If it is the former, as respondents contend, petitioner's detention is mandatory.  If the latter provision controls, as petitioner argues, than he is entitled to a bond hearing before an Immigration Judge.

Although respondents filed a brief in opposition, they recognize that this case "is not materially different" from the others this Court has decided raising this precise issue.  ECF No. 7 at 2.

The Court has concluded, now many times over, that § 1226—and not § 1225(b)(2)(A)—governs detention for noncitizens who, like petitioner, entered the country without inspection and are not subject to expedited removal.  *See, e.g.*, *Cervantes Arredondo v. Baltazar*, 25-cv-03040-RBJ, ECF No. 21 (D. Colo. Oct. 31, 2025); *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025); *Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).

Most recently, the Court set forth its complete analysis in *Ugarte Hernandez*, and now incorporates the reasoning in that Order and adopts it in full.  *See, e.g.*,

---

from the District of Colorao or the United States unless or until this Court or the Tenth Circuit Court of Appeals vacates her Order.  *Id.*  This Order remains in effect.

*Espinoza Ruiz v. Baltazar*, 25-cv-03642-CNS, 2025 WL 3294762, at \*2 (D. Colo. Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full" and "adopt[ing]" its reasoning outlined in a previous case).  The Court is aware of and has read the split decisions from the Fifth and now Eighth Circuits adopting respondents' interpretation of the relevant statutory provisions, but remains unpersuaded.  *See Buenrostro v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, ---F.4th---, 2026 WL 819258 (8th Cir. Mar. 25, 2026).  Instead, the Court respectfully agrees with the dissenting judge in *Beunrostro* that the majority's reading of § 1225(b)(2)(A) is inconsistent with "the statutory definition of 'admission,' the provision's context, the Supreme Court's understanding of the statutory scheme, and the whole history of American immigration law." 2026 WL 323330 at \*11 (Douglas, J., dissenting).  The dissenting judge in *Avila* makes essentially the same points.  2026 WL 819258 at \*7 (finding that the majority's interpretation "is not supported by the plain meaning of 'seeking,' the context of the [Immigration and Nationality Act], or the history of the [Illegal Immigration Reform and Immigration Responsibility Act]") (Erikson, J., dissenting).

In any case, as respondents recognize, "until the Tenth Circuit rules on this issue," the Court's prior ruling on this issue would logically lead to the same result here.  ECF No. 7 at 3.  Because the Court grants the Petition on the statutory grounds

(Count One), it does not reach petitioner's remaining claims (Counts Two and Three). *See Leyva Ramirez v. Baltasar*, 26-cv-00199-NYW, 2026 WL 318989, at *3-4 (D. Colo. Feb. 6, 2026).

The Court now turns to the appropriate relief. A federal court has "broad equitable powers in ordering habeas release," *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026), and has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243. Consistent with this Court's prior orders, under the circumstances presented here, immediate release is the only appropriate remedy. *See, e.g.*, *Pineda Tijerino v. Baltazar*, 26-cv-00907-RBJ, ECF No. 9, at *6–8 (D. Colo. Mar. 24, 2026); *Singh v. Baltazar*, 1:26-cv-00612-RBJ, ECF No. 11, at *4–5 (D. Colo. Mar. 26, 2026); *Kaba v. Bondi*, 1:23-cv-00875-RBJ, ECF No. 15, at *3–5 (D. Colo. Mar. 20, 2026).

Unlike a case where the noncitizen has never encountered immigration authorities before their arrest and detention, this petitioner was previously released on his own recognizance in 2013 by U.S. Immigration and Customs Enforcement (ICE) during removal proceedings. *See* ECF No. 1 at ¶ 3. Respondents do not dispute that petitioner fully complied with the terms of his supervised release for nearly 13 years before he was suddenly rearrested and detained by ICE on January

4

19, 2026. *Id.* at ¶ 3. He is statutorily eligible for discretionary relief from removal, and to this Court's knowledge, he still has a pending application.[2]

Petitioner's release on his own recognizance in 2013 was a determination by ICE that he does not represent a danger to the community or a flight risk. *Singh v. Baltazar*, ---F.Supp.3d----, No. 1:26-cv-00336-CNS, 2026 WL 352870, at * 3 (D. Colo. Feb. 9, 2026). ICE's decision to rearrest him and detain in 2026 does not reflect a change in that assessment—nor could it, as nothing material has changed. Instead, ICE revoked his release pursuant to its unlawful policy of treating all noncitizens present in the country without lawful admission as subject to mandatory detention under § 1225. *See Lopez Benitez v. Francis*, 795 F.Supp.3d 475, 482 (S.D.N.Y. 2025); *Rodriguez v. Bostock*, 802 F.Supp.3d 1297, 1303 (W.D. Wash. 2025) (describing the federal government's adoption of this new policy). Ordering a bond hearing would not restore petitioner to the status quo *ex ante*. Rather, it would leave him worse off as he would face the prospect of continued detention or release under more onerous conditions than before.

Under these circumstances, the only appropriate remedy is restortation of petitioner's release on his own recognizance. *See, e.g.*, *Kumar v Baltazar*, No. 26-

---

[2] Petitioner's removal proceedings were administratively closed by ICE in 2023 (meaning that the agency was not actively seeking his deportation), but were subsequently reopened in 2025. He was scheduled for a Master Hearing before an Immigration Judge on April 15, 2026, which proceeds a Final Hearing on the merits of a noncitizen's request for relief from removal (in this case, petitioner filed an EOIR-42B Application for Cancellation of Removal). ECF No. 1 at ¶¶ 4–5.

cv-00254-RMR, 2026 WL 642888, at *3 (D. Colo. Mar. 6, 2026); *Valera v. Baltazar*, No. 1:25-cv-03744-CNS, 2025 WL 3496174, at *3 (D. Colo. Dec. 5, 2025); *Lopez Benitez*, 795 F.Supp.3d at 498. ICE may impose the same conditions on that release but no additional or modified conditions or bond.

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner from detention within 48 hours of this Order.

2. Respondents SHALL NOT impose additional release conditions other than those that petitioner was subject to prior to his January 19, 2026 arrest.

3. The government SHALL NOT continue to detain the petitioner under 8 C.F.R. § 1003.19(i)(2), on the grounds that it is administratively appealing petitioner's eligibility for release under 8 U.S.C. § 1226(a).

4. To the extent that respondents are in possession of petitioner's personal property, including any passport, Employment Authorization Document, or identification documents, they SHALL return such property to petitioner upon his release.

5. The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

6. Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.

Dated: April 22, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge